H. STAN JOHNSON, ESQ.
Nevada Bar No. 0265
CJD LAW GROUP, LLC
6293 Dean Martin Drive, Ste. G
Las Vegas, NV 89118
(702) 823-3500
Attorneys for Debtor

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: | Case No. 11-19087-mkn |
| | Chapter 7 |
| EINHORN, CAROL, | |
| Debtor. | |
| _____ | |
| CAROL EINHORN, an individual; ARTHUR EINHORN, an individual; | Adv. Case No.: |
| Plaintiff, | |
| vs. | |
| BANK OF AMERICA formerly COUNTRYWIDE HOME LOANS, INC., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SERVICE, a foreign corporation; and DOE CORPORATIONS 1-10; | |
| Defendants. | |
| _____ | |

**ADVERSARY COMPLAINT**

Plaintiffs, by and through their counsel of record, CJD LAW GROUP, LLC, hereby complain and allege as follows:

**PARTIES**

1. Plaintiff, CAROL EINHORN, is an individual living in the State of Nevada.

2. Plaintiff, ARTHUR EINHORN, is an individual living in the State of Nevada.

3.  Defendant, BANK OF AMERICA formerly COUNTRYWIDE HOME LOANS, INC. ("BAC"), is a foreign financial institution doing business in the State of Nevada.

4.  Defendant, US BANK NATIONAL ASSOCIATION ("US Bank"), is a foreign corporation doing business in the State of Nevada.

5.  Defendant, MORTGAGE ELECTRONIC REGISTRATION SERVICE("MERS"), is a foreign corporation doing business in the State of Nevada.

6.  DOES 1 through 10 are the fictitious names of defendants who are the agents, representatives and/or employees of the named Defendants who are equally responsible for Plaintiff's damages as alleged herein, in either a representative capacity or by virtue of independent acts and omissions. When the true names and identities of these doe defendants are ascertained, Plaintiff will seek leave to amend their Complaint to insert their true names and identities.

7.  Upon information and belief, at all times herein mentioned, each of the Defendants were the agent and employee of the other defendants and were acting within the course, scope and authority of said agency; each Defendant approved, ratified and authorized the acts of each of the other Defendants as herein alleged; each defendant was subject to a right of control by the other Defendants; each Defendant was authorized to act for each and all of the other defendants; and/or each Defendant is a successor in interest to each of the other defendants.

**JURISDICTION AND VENUE**

8.  This adversary proceeding is brought in connection with the Debtor's Chapter 7 Case No. 11-19087-mkn, pursuant to Bankruptcy Rule 7001(6). Jurisdiction exists over this adversary proceeding under 28 U.S.C. § 1334(b) and § 157(b), and 11 U.S.C. §§ 362. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

9.  Venue is proper in this Court under 28 U.S.C. § 1409 because this proceeding arises

in and is related to the Debtor's Chapter 7 case pending in this District.

**FACTUAL BACKGROUND**

10. On or about October 10, 2006 Arthurn Einhorn purchased real property identified as 5250 S. Rainbow Blvd. Unit # 2046, Las Vegas, NV 89118, APN 163-26-214-089 (the "property").

11. Plaintiffs financed the purchase of the property through obtaining a loan with Countrywide Home Loans. Upon information and belief, Plaintiffs believe that there was an associated promissory note and deed of trust memorializing the alleged debt owed related to the property.

12. That upon information and belief, the promissory note and deed of trust were purportedly transferred to BAC.

13. That upon information and belief, the promissory note and deed of trust became disjointed or transmuted into a securitized debt, and thus destroyed the original loan documents or that alleged holder in due course cannot verify that it is entitled to such recognition.

14. Plaintiffs believe that the Defendants are not the real parties in interest with regard to the promissory note and deed of trust as they cannot evidence or otherwise verify their standing to demand monies due from Plaintiffs for the alleged debt.

15. That NRS 104.3309 states that if a party is not in possession of an "instrument" they must prove they are entitled to its enforcement.

16. That upon information and belief, Defendants are not entitled enforce the terms of their alleged debt as they cannot evidence that a debt exists, that the promissory note and deed of trust were separated, destroyed or transformed/securitized or were not permitted to transfer the promissory note and deed of trust in the manner performed herein.

17. Furthermore, MERS cannot lawfully cause to be recorded a notice of default or other documents as the promissory note and deed of trust, which provide them standing are of no effect.

18. Plaintiffs seek relief from this Court and request that the debts allegedly owed to BAC be deemed an unsecured debt, and be stricken from the title of the property as the Defendants cannot provide evidence of its validity or otherwise transmuted the alleged debt.

**FIRST CAUSE OF ACTION**

**(Declaratory Relief)**

19. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if set forth fully herein.

20. An actual controversy exists regarding the validity of the promissory note and deed of trust allegedly recorded and in effect with respect to the property.

21. Plaintiffs contend that the promissory note and deed of trust do not exist in their original form, have been securitized or are otherwise intangible and thus of no effect.

22. A judgment resolving the issue of whether the promissory note and deed of trust have become unsecured based upon Defendants failure to evidence the validity of the claimed debt is necessary to settle the dispute between the parties.

23. According this question is ripe for judicial determination pursuant to *McGraw-Edison v. Preformed Line Products*, 362 F. 2d 339, 342 (9th Cir. 1966).

24. Wherefore, Plaintiffs respectfully requests that this Court determine that the promissory note is an unsecured debt based on Defendants failure to establish that they are the holders in due course and awarding Plaintiffs reasonable attorney's fees and costs for prosecuting this action.

**SECOND CAUSE OF ACTION**

**(Quiet Title)**

25. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs as if set forth fully herein.

26. Pursuant to NRS 40.010 an action may be commenced by an individual for the purposes of determining the adverse claim of real property.

27. Plaintiffs have asserted a claim upon the property which is adverse to the Defendants.

28. Upon information and belief, Plaintiffs assert that the Defendants have or may assert a claim to the property which is adverse to the Plaintiffs.

29. Plaintiffs respectfully request that this Court quiet title of the property in their name and award them reasonable attorney's fees and costs for prosecuting this action.

WHEREFORE, Plaintiffs respectfully requests that this Court:

a. Declaring that the claimed promissory note and deed of trust of no effect therefore deeming that the debts alleged by the Defendants are unsecured;

b. Quiet title to the property in the name of the Plaintiffs;

c. Awarding Plaintiffs reasonable and necessary attorneys' fees to the extent permitted by law;

d. Granting Plaintiffs such other and further relief as the Court deems just and proper.

Dated this 12th of September, 2011.

CJD LAW GROUP, LLC

By:    /s/ H. STAN JOHNSON
H. Stan Johnson, Esq.
Nevada Bar No. 0265
6293 Dean Martin Drive, Ste. G
Las Vegas, NV 89118
Attorneys for Plaintiff