_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

**Entered on Docket**
**February 17, 2012**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| IN RE: | Case No. 11-19087-MKN |
| CAROL EINHORN, | Chapter 7 |
| Debtor. | |
| CAROL ANN EINHORN and ARTHUR EINHORN, | ADV. NO.: 11-01245-mkn |
| Plaintiffs, | |
| v. | Date: January 11, 2011<br>Time: 9:30 a.m. |
| BANK OF AMERICA formerly COUNTRYWIDE HOME LOANS, INC., a foreign corporation; MORTGAGE ELECTRONIC REGISTRATION SERVICE, a foreign corporation; and DOE CORPORATIONS 1-10, | |
| Defendants. | |

**ORDER ON OMNIBUS MOTION TO DISMISS MULTIPLE BAD FAITH ADVERSARY COMPLAINTS AND REQUEST FOR ATTORNEY'S FEES**[1]

On January 11, 2011, the Omnibus Motion to Dismiss Multiple Bad Faith Adversary Complaints and Request for Attorney's Fees ("Omnibus Dismissal Motion") brought by U.S. Bank,

_____

[1] In this Order, all references to "Section" are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 et seq. unless otherwise indicated. All references to "FRCP" are to the Federal Rules of Civil Procedure. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

National Association, as Trustee for the Certificate Holders of LXS 2006-16N Trust Fund, its assignees and/or successors in interest ("USB") came on for hearing before the court. The appearances of counsel were noted on the record. After arguments were presented, the matter was taken under submission.

On June 9, 2011, Carol Ann Einhorn ("Debtor") filed a voluntary petition under Chapter 7. The case was assigned for administration to Joseph B. Atkins as Chapter 7 trustee ("Trustee"). On September 8, 2006, Debtor's husband Arthur Einhorn refinanced certain real property – identified as 8671 Christopher Lee Circle, Las Vegas, NV 89129, APN 138-05-510-013 ("Property") – through a secured loan from Countrywide Home Loans, Inc. The associated promissory note and deed of trust were purportedly transferred to Bank of America ("BOA"). The Property is claimed as exempt on Debtor's Schedule "C".

On September 12, 2011, Debtor and her husband ("Plaintiffs") filed the above-captioned adversary proceeding against BOA and Mortgage Electronic Registration Service ("MERS"). The complaint challenges the validity of the purported transfer of the interest in the promissory note and deed of trust. The challenge is framed as a claim seeking a declaration that the promissory note is unsecured and as a claim quieting title to the Property solely in the name of the Plaintiffs.

On November 14, 2011, USB filed the Omnibus Dismissal Motion under FRCP 12(b)(6) asserting that the Complaint fails to state a claim for which relief may be granted. Plaintiffs filed opposition to the Omnibus Dismissal Motion on the ground that USB lacks standing to seek dismissal inasmuch as it is not a party to this adversary proceeding.

Plaintiffs are correct. USB is not named in the adversary complaint nor is it identified as a party in interest. While it may have been named in other adversary complaints filed concurrently by the Plaintiffs, it is not a party to this proceeding. USB therefore lacks standing to seek dismissal.

It also is clear that Plaintiffs lack standing to pursue the claim, if any, set forth in the

Complaint. Plaintiffs' alleged claim against BOA and MERS, if any, arose before the commencement of this Chapter 7 proceeding and constitutes property of the bankruptcy estate. See Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 707-08 (9th Cir. 1986). The claim was not disclosed on the Debtor's personal property Schedule "B" and does not appear on her exemption Schedule "C". The claim also was not scheduled in the bankruptcy filed by the Debtor's husband and therefore remains property of the husband's estate. See In re JZ L.L.C., 371 B.R. 412, 419 (B.A.P. 9th Cir. 2007), citing Wood v. Household Finance Corp., 341 B.R. 770 (Bankr. W.D. Wash 2006). The Trustee has not affirmatively abandoned the estate's interest in the claim or the Property.[2] Nor has an administrative abandonment occurred pursuant to Section 554(c). Both the claim and the Property therefore are property of the Debtor's bankruptcy estate.

Plaintiffs' commencement of the adversary proceeding without authorization of the Trustee or the court therefore violated the automatic stay. While a debtor's interference or transfer of estate property arguably should be addressed by a demand under Section 549(a), Debtor's husband clearly violated the automatic stay as he is not the debtor in this bankruptcy case. As to him, his act of filing the adversary proceeding is void ab initio. See Rein v. Providian Corp., 270 F.3d 895, 904 (9th Cir. 2001).

Under these circumstances, it is the Plaintiffs who are improperly before this court: Plaintiffs never should have filed the adversary complaint because the asserted claims, if any, belong to the Trustee.

**IT IS THEREFORE ORDERED** that the Omnibus Motion to Dismiss Multiple Bad Faith Adversary Complaints and Request for Attorney's Fees, brought by U.S. Bank, National Association, as Trustee for the Certificate Holders of LXS 2006-16N Trust Fund, its assignees

---

[2] The Property was claimed as exempt and no party has timely objected to the Debtor's exemption. In contrast, the claims were never disclosed, never exempted, and therefore remain property of the estate. The claims may have no value to the estate, however, since they would serve only to invalidate the liens against the Property. Until an abandonment occurs, only the Trustee rather than the Plaintiffs has standing to pursue the claims.

and/or successors in interest, Adversary Docket No. 8, be, and the same hereby is, **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned adversary proceeding be, and the same hereby is, **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all further hearings and conferences scheduled in this adversary proceeding are **VACATED** from the court's calendar.

Copies sent through ECF to:

H STAN JOHNSON sjohnson@cohenjohnson.com,
    shallquist@cjdlawgroup.com;bmorris@cjdlawgroup.com;cj@cohenjohnson.com;cgeiss@cjdlawgroup.com

RONALD H REYNOLDS ron@reynoldslawyers.com, paula@reynoldslawyers.com

and sent to VIA REGULAR MAIL to:

BANK OF AMERICA
100 N. TYRON STREET
CHARLOTTE, NC 28255

MERS
C/O CARMELITA MARTIN
1818 LIBRARY STREET, STE 300
RESTON, VA 20190

# # #

4